**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JESSICA RUTTENBER *
The Women in the Service Coalition, Inc. *
8182 Billingsley Road *
White Plains, Maryland 20695 *
*
and *
* Civil Action No. 26-2986 (JMC)
HOPE SECK[1] *
*
Plaintiffs, *
*
v. *
*
DEPARTMENT OF DEFENSE *
1000 Defense Pentagon *
Washington, D.C. 20301-1000 *
*
Defendant. *
*
* * * * * * * * * * * *

# FIRST AMENDED COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for expedited processing and disclosure of agency records located within this jurisdiction and sought by the Plaintiffs Jessica Ruttenber and Hope Seck from the Defendant Department of Defense (as well as its subordinate entities).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

[1] Pursuant to Local Civil Rule 5.1(c)(1), Plaintiff Seck's residential address was filed under seal with the Court in a separate Notice of Filing. Dkt. 2 (filed August 25, 2026).

## PARTIES

3. Plaintiff Jessica Ruttenber ("Ruttenber") works for The Women in the Service Coalition, Inc. ("WiSCI"). The WiSCI is a 501(c)(3), nonprofit organization dedicated to advocating for women and men in military service and developing qualified women leaders to serve in the Armed Forces as well as to contribute to the national security objectives of the United States.

4. Plaintiff Hope Seck ("Seck") is an award-winning freelance reporter and editor who has covered the U.S. military and security issues since 2009. She served as the Managing Editor of *Military.com* from 2018 to 2021, and she has written articles that have appeared in *USA Today*, *The Washington Post*, *Popular Mechanics*, *POLITICO Magazine*, and the *Military Times*. In 2025, she received a Newhouse School Mirror Award for her in-depth reporting work.

4. Defendant Department of Defense ("DoD" is an agency within the meaning of 5 U.S.C. § 552(f) and is in possession and/or control of the requested records that are the subject of this action. DoD controls – and consequently serves as the proper party Defendant for litigation purposes for – the Defense Contract Audit Agency ("DCAA"), Defense Contract Management Agency ("DCMA"), and the Defense Finance and Accounting Service ("DFAS").

## FACTS

5. This lawsuit seeks expedited processing and production of requested non-exempt U.S. Government records in order to provide the American public and its elected representatives in Congress with insight and context regarding the Defendant DoD's ongoing "effectiveness" assessment of women serving in ground combat positions.

6. For context, in January 2026, the media reported that Undersecretary of Defense for Personnel Anthony Tata ("Secretary Tata") had ordered a six-month "effectiveness" assessment. *https://www.militarytimes.com/news/pentagon-congress/2026/01/07/dod-launches-review-of-*

*effectiveness-of-women-in-ground-combat-roles/* (last accessed September 29, 2026); *https://www.npr.org/2026/01/06/nx-s1-5667583/pentagon-review-women-in-ground-combat-roles* (last accessed September 29, 2026). Although the assessment was originally set to be performed by the Institute for Defense Analyses ("IDA"), it has since been re-awarded to the John Hopkins University Applied Physics Laboratory ("JHU APL"). *https://www.militarytimes.com/news/pentagon-congress/2026/04/14/pentagons-women-in-combat-review-reassigned-deadline-extended/* (last accessed September 29, 2026). The assessment was designed to occur over the course of twelve months, with a completion date of on or around April 2027. *Id*.

7. The assessment, being conducted approximately one decade after the lifting of restrictions on women serving in ground combat roles, has the potential to substantially impact the degree to which women serving in the Armed Forces are allowed to continue serving their country in the same manner as their male colleagues. Approximately 5,000 women currently serve in ground-combat operations, including infantry, armor, artillery and combat engineering. *https://taskandpurpose.com/news/women-react-review-combat-jobs/* (last accessed September 29, 2026). These women are not prospective recruits, but rather trained and qualified service members currently filling operational billets. Removing or involuntarily reclassifying these women would have an immediate and measurable impact beyond the harm to the individual service members. It could remove thousands of trained personnel from already-manned positions, create vaccines that cannot be filled immediately, disrupt officer and noncommissioned-officer leadership pipelines, and require the military to recruit and train replacements at additional cost and time.

8. The assessment, not surprisingly, has consequently become a subject of ongoing scrutiny by Congress in recent months, with legislative amendments being proposed by Members of both political parties in anticipation of the assessment's possible findings and amid concerns that the assessment is designed to reach a pre-determined ideological outcome. *See https://www.military times.com/news/your-military/2026/06/26/debate-over-women-in-combat-prompts-ndaa-battles/* (last accessed September 29, 2026); *https://thewarhorse.org/women-in-combat-review/* (last accessed September 29, 2026); *https://www.hirono.senate.gov/news/press-releases/icymi-under-questioning-from-hirono-all-of-the-militarys-senior-enlisted-leaders-agree-no-evidence-women-in-combat-lower-standards* (last accessed August 24, 2026).

9. The purpose of this FOIA lawsuit is straightforward: the American public deserves to be informed of the contours of this "effectiveness" assessment before its findings become little more than a fait accompli. The forthcoming findings should be formulated based on objective factual information, not pre-determined ideological objectives. There is a compelling need to inform the American public of this information in an expedited manner and this lawsuit aims to ensure that information is made available in a timely fashion.

**COUNT ONE (EXPEDITED PROCESSING)**

10. On August 17, 2026, the Plaintiffs submitted a FOIA request to Defendant DoD.

11. The FOIA request sought four categories of information:

> (a) A copy of the official memorandum that was signed and executed by Secretary Tata and authorized the commission of the assessment. It is the Requesters' understanding that the memorandum was issued in or around December 2025;
>
> (b) Any and all documentation that memorialized the original contract issued to IDA for completion of the assessment and related records, including, but not limited to, Statement(s) of Work, Performance Work Statement(s), Statement(s) of Objectives, and Contract Data Requirement Lists;

(c) Any and all documentation that memorialized the transition of authorized work on the assessment from IDA to JHU APL; and,

(d) Any and all documentation that memorialized the new contract issued to JHU APL for completion of the assessment and related records, including, but not limited to, Statement(s) of Work, Performance Work Statement(s), Statement(s) of Objectives, and Contract Data Requirement Lists.

12. The request specifically excluded any records reflecting the raw data that had been compiled (and was being compiled) by the "effectiveness" assessment. The request noted that the Plaintiffs reasonably anticipated responsive records would be located at the DCAA, DCMA, and DFAS.

13. In the request, the Plaintiffs specifically requested news media status, as well as expedited processing.

14. By letter dated August 24, 2026, DoD issued an interim response to the FOIA request, which was designated as Case Number 26-F-2989. The interim response noted that DoD had concluded the Plaintiffs had not sufficiently demonstrated the required compelling need for responsive information and was therefore denying the request for expedited processing.

15. The Plaintiffs have exhausted all requisite administrative remedies with respect to expedited processing.

16. The Plaintiffs are entitled to expedited processing of non-exempt copies of all records responsive to their FOIA request.

**COUNT TWO (DISCLOSURE)**

17. On August 17, 2026, the Plaintiffs submitted a FOIA request to Defendant DoD.

18. The FOIA request sought four categories of information:

(a) A copy of the official memorandum that was signed and executed by Secretary Tata and authorized the commission of the assessment. It is the Requesters' understanding that the memorandum was issued in or around December 2025;

(b) Any and all documentation that memorialized the original contract issued to IDA for completion of the assessment and related records, including, but not limited to, Statement(s) of Work, Performance Work Statement(s), Statement(s) of Objectives, and Contract Data Requirement Lists;

(c) Any and all documentation that memorialized the transition of authorized work on the assessment from IDA to JHU APL; and,

(d) Any and all documentation that memorialized the new contract issued to JHU APL for completion of the assessment and related records, including, but not limited to, Statement(s) of Work, Performance Work Statement(s), Statement(s) of Objectives, and Contract Data Requirement Lists.

19. The request specifically excluded any records reflecting the raw data that had been compiled (and was being compiled) by the "effectiveness" assessment. The request noted that the Plaintiffs reasonably anticipated responsive records would be located at the DCAA, DCMA, and DFAS.

20. In the request, the Plaintiffs specifically requested news media status, as well as expedited processing.

21. By letter dated August 24, 2026, DoD issued an interim response to the FOIA request, which was designated as Case Number 26-F-2989.

22. The Plaintiffs have constructively exhausted all requisite administrative remedies with respect to disclosure.

23. The Plaintiffs are entitled to disclosure of non-exempt copies of all records responsive to their FOIA request.

WHEREFORE, Plaintiffs Jessica Ruttenber and Hope Seck pray that this Court:

(1) Orders Defendant DoD to grant the Plaintiffs expedited processing for their request;

(2) Orders Defendant DoD to produce to the Plaintiffs non-exempt copies of all records responsive to their FOIA request.

(3) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(4) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and,

(5) grant such other relief as the Court may deem just and proper.

Date: September 30, 2026

Respectfully submitted,

/s/ *Bradley P. Moss*

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700 – PMB 5287
Washington, D.C. 20036
(202) 907-7945
(202) 558-4432 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for the Plaintiffs